UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BYRON E. BLAKE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 1116 CDP |
| | ) | |
| JACOB CHERRY,<br>a/k/a 1090 Jake, | )<br>) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Byron E. Blake, Jr.'s motion to proceed in this defamation case without prepayment of the $405 filing fee. Having reviewed the motion and the financial information submitted in support, I will grant the application and waive the filing fee. I will also grant Blake's motion for leave to file a second amended complaint.[1] As Blake is now proceeding in forma pauperis, I review his complaint under 28 U.S.C. § 1915(e)(2). Based on that review, I will permit Blake to proceed on his claim of defamation/defamation by implication raised in Count I of his second amended complaint, and process shall issue to the defendant on the claim. I will dismiss Blake's claim of intentional infliction of emotional distress, raised in Count II, for

[1] Blake filed his original complaint on July 16, 2026. He filed an amended complaint as a matter of course on July 17. On August 20, he filed a motion for leave to file a second amended complaint.

failure to state a claim.

**Proceeding In Forma Pauperis**

Congress requires federal district courts to collect a filing fee from a plaintiff instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. But a court may authorize the plaintiff to institute a civil action without paying the filing fee – that is, permit him to proceed in forma pauperis – when the plaintiff demonstrates his inability to pay. 28 U.S.C. § 1915(a)(l). A plaintiff can be granted leave to proceed in forma pauperis if he shows he cannot, because of his poverty, pay the costs of litigation and remain able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). He need not be "absolutely destitute to enjoy the benefit of the statute." *Id.* Proceeding in forma pauperis is a matter of privilege, not of right. *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

Blake filed this action in July 2026. In his application seeking IFP status, Blake declares that his monthly income from June 2025 through May 2026 averaged $1952.88 per month; that he has no cash in either a checking or savings account; that his assets total just over $19 in value; that he has monthly expenses and other monthly obligations that total $1100; and has over $2000 in credit card debt. He further declares that he has recently suffered significant financial loss.

Based on the information submitted, I conclude that Blake lacks sufficient funds to prepay the costs of this action and I will grant his motion to proceed IFP.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim on which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing Court to draw upon judicial experience and common sense. *Id.* at 679. The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), I must give it the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, I should construe the plaintiff's complaint in a way that permits his claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff Blake brings this action in diversity[2] alleging that defendant Jacob Cherry defamed him and intentionally inflicted emotional distress when Cherry published false and inflammatory information via social media that, among other things, implicated Blake in criminal activity and accused him of supporting and being associated with sexual misconduct involving a minor. In Count I of his second amended complaint, Blake raises a claim of defamation/defamation by

[2] Plaintiff Blake is a citizen of the State of Missouri, defendant Jacob Cherry is a citizen of the State of Florida, and Blake seeks damages exceeding $75,000. *See* 28 U.S.C. § 1332(a).

implication under Florida law. In Count II, he raises a claim of intentional infliction of emotional distress (IIED).

**Discussion**

For a claim of defamation, both Missouri and Florida law require a plaintiff to allege publication of a defamatory statement that identifies the plaintiff, is false, is published with the requisite degree of fault, and damages the plaintiff's reputation. *See State ex rel. BP Prods. N. Am., Inc., v. Ross,* 163 S.W.3d 922, 929 (Mo. banc 2005); *Dean v. Wissmann,* 996 S.W.2d 631, 633 (Mo. Ct. App. 1999) (publication is "simply the communication of defamatory matter to a third person."); *Valencia v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. Dist. Ct. App. 1999). Florida law recognizes "defamation by implication" where the gist of the publication is false. *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018).[3] If the plaintiff is a public figure, he must allege that defendant acted with actual malice in defaming him. *Jacoby v. Cable News Network, Inc.*, 537 F. Supp. 3d 1303, 1311 (M.D. Fla. 2021); *Sigafus v. St. Louis Post-Dispatch, L.L.C.*, 109 S.W.3d 174, 180 (Mo. Ct. App. 2003). Blake describes himself as a public figure in the context of this case given that his own widespread social media presence was the impetus for Cherry's alleged defamation.

Blake asserts in his second amended complaint that Cherry published false

[3] I am not aware of any such actionable claim under Missouri law.

statements via social media and online platforms that Blake – who himself is a social media content creator – engaged in criminal conduct as well as associated with and supported persons and activities involving sexual misconduct with minors. Blake alleges that Cherry published those statements to third parties through his YouTube channel and online interviews which were viewed nationwide. Blake further alleges that Cherry's own fact-based criminal activity and association with sexual misconduct demonstrates his knowledge of – or reckless disregard to – the falsity of his published statements regarding Blake, thus supporting a finding of actual malice. Finally, Blake asserts that Cherry's false statements have caused him emotional and reputational injury, loss of business opportunities and income, and damage to the credibility of his own online work. Upon review of Blake's allegations, I conclude that his second amended complaint states a plausible claim for relief for defamation/defamation by implication (under Florida law) and that this action may proceed on that claim.

I will dismiss Blake's IIED claim, however, for failure to state a claim. "In order to state an emotional distress claim, the plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017) (quoting *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 316 (Mo. banc 1993)). However, a claim for IIED "does not lie when the offending

conduct consists only of a defamation." *Id*. (quoting *Nazeri*, 860 S.W.2d at 316). Blake's IIED claim is based only on Cherry's alleged conduct in publicizing false and harmful information about him to the online community. Blake therefore has only a defamation claim against Cherry and not one for IIED. *Id.*

I will therefore dismiss Count II of Blake's second amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Count I of the second amended complaint, alleging defamation/ defamation by implication, is permitted to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Byron E. Blake, Jr.'s motion to proceed without prepayment of the required filing fees and costs [2] is **GRANTED**, and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Second Amended Complaint [6] is **GRANTED**. The Clerk of Court shall place under seal the exhibits submitted with the second amended complaint, docketed at ECF 7, as they contain personal data identifiers. *See* E.D. Mo. L.R. 2.17(A).

**IT IS FURTHER ORDERED** that Count II of plaintiff's second amended complaint is **DISMISSED** for failure to state a claim on which relief may be granted. Count I of the second amended complaint is permitted to proceed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause summons

to issue on defendant Jacob Cherry, a/k/a 1090 Jake. The Clerk shall prepare and deliver to the United States Marshal for service: a completed summons, the second amended complaint (ECF 6-2), and this Memorandum and Order. Fed. R. Civ. P. 4(c)(3).

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2026.